UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

COREY HEYWARD,

Defendant.

15-CR-445 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

The Court has received an application on behalf of defendant Corey Heyward seeking his compassionate release from Federal Correctional Institution Ray Brook ("FCI Ray Brook") pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates.  *See* Dkt. 1110 ("Def. Mem.").

On April 11, 2019, following Heyward's conviction at trial of conspiring to participate in the 18 Park gang, a racketeering enterprise; conspiring to distribute narcotics; and possessing and discharging a firearm, the Court imposed a mandatory minimum sentence of 240 months' imprisonment.  *See* Dkt. 1022 ("Sent. Tr.") at 56.  On April 17, 2019, Heyward filed a notice of appeal from his sentence and judgment.  Dkt. 1013.  Heyward has served approximately four years of his sentence, *see* Dkt. 157, and the Bureau of Prisons ("BOP") currently lists his release date as March 11, 2033, *see* Def. Mem. at 1.

On June 14, 2020, the Court received a *pro se* letter from Heyward seeking his compassionate release from prison, on grounds relating to the COVID-19 pandemic. Dkt. 1109-1 ("*Pro Se* Ltr.").  The Court directed Heyward's trial counsel, Peter Brill, Esq., to submit a memorandum of law in support of that application, and the Government to submit a

response.  *See* Dkt. 1109.  On June 29, 2020, Heyward's counsel filed a supplemental brief moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  *See* Def. Mem.  On July 1, 2020, the Government responded with a letter opposing Heyward's request.  Dkt. 1111 ("Gov't Opp'n").

Heyward asks the Court to "reduce [his] term of imprisonment to time served" in light of the COVID-19 pandemic.  Def. Mem. at 2.  Heyward, who is 33 years old, argues he should be released because of the risk COVID-19 poses to him.  *See id*.  Specifically, Heyward notes that he suffered from seizures as a child (although "he has not suffered from seizures in some time"), was diagnosed with a benign arachnoid cyst in his brain in 1989, and has been monitored by the BOP for high cholesterol, along with "two [other] conditions, neither of which are listed as risk factors for complications from COVID-19."  *Id*.  Heyward also mentions that he suffered from a dry cough and a slight fever in 2018.  *Id*.  Heyward concedes that "[i]n his [BOP] intake, he denied any significant health problems."  *Id*.  The Government opposes Heyward's early release.  *See* Gov't Opp'n.  It argues that Heyward's motion should be denied because the Court lacks jurisdiction due to Heyward's pending appeal, Heyward has not demonstrated extraordinary and compelling reasons for his release, and the 18 U.S.C. § 3553(a) factors do not support his release.  *See id.*

## I.    Jurisdiction

In light of Heyward's pending appeal, the Court lacks jurisdiction to decide his motion. "The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Although there are exceptions to this rule—*e.g.*, *Tancredi v. Met. Life Ins. Co.*, 378 F.3d

220, 225 (2d Cir. 2004) (attorneys' fees); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d

1339, 1350 (2d Cir. 1989) (proceedings on merits after grant or denial of preliminary injunction);

*id.* (judgment which does not determine entire action); *Leonhard v. United States*, 633 F.2d 599,

610 (2d Cir. 1980) (clerical error)—none appears applicable here.  *See United States v. Viola*,

555 F. App'x 57, 59–60 (2d Cir. 2014) (notice of appeal divests district court of ability to act "to

modify a judgment substantively," although district court retains authority to "merely clarif[y]"

its order (citations omitted)).

Under these circumstances, this Court is without authority to "rule on any motion

affecting an aspect of the case that [is] before the [Court of Appeals]."  *Ching v. United States*,

298 F.3d 174, 180 n.5 (2d Cir. 2002); *see also, e.g.*, *Berman v. United States*, 302 U.S. 211, 214

(1937) (rule applies in criminal cases); *United States v. Katsougrakis*, 715 F.2d 769, 777

(2d Cir. 1983) (same); *United States v. Afriyie*, No. 16 Cr. 377 (PAE), 2017 WL 6375781, at *3

(S.D.N.Y. Dec. 11, 2017) (same).  Once Heyward filed his notice of appeal challenging the

Court's sentence, jurisdiction over the questions raised in his § 3582(c) motion transferred to the

Second Circuit.

Federal Rule of Criminal Procedure 37 anticipates precisely the jurisdictional issue

present here.  Rule 37 provides, in relevant part, that "[i]f a timely motion is made for relief that

the court lacks authority to grant because of an appeal that has been docketed and is pending, the

court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would

grant the motion if the court of appeals remands for that purpose or that the motion raises a

substantial issue."  Fed. R. Crim. P. 37(a).  The advisory committee notes list "motions under 18

U.S.C. § 3582(c)" as one of three types of motions for which the drafters "anticipate[] that

Criminal Rule 37 will be used primarily if not exclusively."  Fed. R. Crim. P. 37 advisory

committee's note (2012).  Reflecting this Circuit's longstanding approach in both civil and

criminal cases—*see, e.g.*, *United States v. Camacho*, 302 F.3d 35, 36–37 (2d Cir. 2002); *King v.

First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002); *Toliver v. Cty. of Sullivan*, 957

F.2d 47, 49 (2d Cir. 1992)—this rule allows district courts to deny, but not to grant, a motion for

which it lacks jurisdiction due to a pending appeal.

## II.   Merits

Because the Court would deny Heyward's § 3582(c) motion if he had not filed a notice of

appeal, in the interests of judicial economy, the Court reaches the merits, pursuant to Rule 37,

and denies the motion.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has

fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary

and compelling reasons warrant such a reduction," and that "such a reduction is consistent with

the applicable policy statements issued by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(1)(A)(i).[1]  The Court must also consider the "factors set forth in section 3553(a) to the

extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are

sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v.

Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)).  Relevant here,

the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state

that a court may reduce a sentence for "extraordinary and compelling reasons," including where

---

[1] The Government does not dispute that Heyward has properly exhausted his administrative
remedies.  *See* Def. Mem. at 3.

the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

Heyward argues that he has established an "extraordinary and compelling" basis for compassionate release because he is at risk of serious illness in light of the COVID-19 pandemic. The COVID-19 pandemic is indeed extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration. And the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[3]  Recognizing that the realities of life as an inmate present added challenges for a heightened-risk inmate who contracts the virus to care for himself, in the past months numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.

---

[2] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *Ebbers*, 432 F. Supp. 3d at 422–23, 427.

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, — F Supp. 3d —, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf (highlighting danger faced by those in jails and prisons).

The Court, however, concludes that a reduction of Heyward's sentence is not warranted for at least two independent reasons.  First, the Court is unable to find that Heyward is at a heightened risk of COVID-19 so as to justify a grant of compassionate release.  Heyward has not established any existing health conditions that would make him more vulnerable to COVID-19 than the average inmate, and, the Court notes that at age 33, he is young.  In addition, as the Government notes, Heyward has acknowledged that he is at "lower risk" than inmates in communities with rising infection levels.  Gov't Opp'n at 3 (citing Def. Mem. at 1).  On the record before the Court, therefore, Heyward is not materially more vulnerable to the effects of COVID-19 than an average (non-high-risk) inmate at FCI Ray Brook.  His circumstances contrast with those of various sentenced defendants whose release this Court has ordered pursuant to § 3582, and of the defendants with cases pending before the Court whose release the Court has ordered pursuant to 18 U.S.C. §§ 3142(i) or 3145(c).[4]

Second, the Court cannot find that the § 3553(a) factors favor Heyward's release when he has served just 20% of the sentence imposed one year ago.[5]  Specifically, a sentence reduction on

---

[4] *See, e.g.*, *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug trafficking conspiracy); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1684062 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (same for 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

[5] Defense counsel notes, and the Government agrees, that Heyward's case is likely to be remanded for resentencing in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), at which he

the order Heyward seeks would not result in a sentence commensurate with "the nature and circumstances of the offense," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense, . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a). The gravity of Heyward's crimes required, and continues to require, a meaningful sentence to protect the public from further violence; to reflect just punishment for these crimes; and to deter others from committing similar acts.

As emphasized at sentencing, Heyward's conduct in this case gravely endangered public safety. The nature of his crimes included selling drugs, furnishing guns to fellow gang members, and firing guns into public spaces, jeopardizing public safety. *See* Sent. Tr. at 49. For these reasons, at sentencing, the Court imposed a sentence of 240 months' imprisonment. The 240 months' sentence that the Court imposed reflected a downward variance from the advisory Guideline range of 271 to 308 months. *See* Sent. Tr. at 33. The Court cannot find that the 48-month sentence Heyward now seeks is compatible with public safety or deterrence. In the Court's judgment, such a sentence would disserve these important § 3553(a) factors.

In this respect, Heyward's circumstances are distinct from those of several defendants with serious medical conditions whose compassionate release the Court has granted in recent months in recognition of the changed circumstances presented by COVID-19. These defendants had served a substantially greater proportion of their sentences, such that the Court found the sentence resulting from a grant of compassionate release consistent with the § 3553(a) factors.

---

would face a 15-year, not 20-year, mandatory minimum sentence. *See* Def. Mem at 1; Gov't Opp'n at 1 n.1. The Court has no occasion to opine on what Heyward's new sentence will be at that time. For avoidance of doubt, even if Heyward's present prison sentence were 15 years, as opposed to 20, the Court would equally find that the § 3553(a) factors do not support Heyward's compassionate release after serving 48 months in prison.

*See, e.g.*, *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 at 2–4 (S.D.N.Y. Apr. 10, 2020)

(ordering compassionate release of defendant who has served all but seven months of an 88-

month sentence); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (same for defendant who had

served all but 34 days of a four-month sentence); *Hernandez*, No. 18 Cr. 834 (PAE),

2020 WL 1684062, at *3 (same for defendant who had served 17 months of a 24-month sentence

and was scheduled for release in four months).  That is not so here.

      Accordingly, both because Heyward's health does not give rise to the "extraordinary and

compelling circumstances" required for release or distinguish him from his fellow inmates, and

because the § 3553(a) factors do not support a reduction of his sentence, the Court denies

Heyward's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).


      SO ORDERED.

                         *Paul A. Engelmayer*

                          PAUL A. ENGELMAYER
                          United States District Judge

Dated: July 9, 2020
      New York, New York