UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

COREY HEYWARD,

Defendant.

---

15-CR-445-10 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On April 11, 2019, defendant Corey Heyward was sentenced principally to a term of imprisonment of 240 months. Dkt. 1010. On March 9, 2023, following the vacation of Heyward's firearms offense under 18 U.S.C. § 924(c) pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), Heyward was resentenced principally to a term of 192 months' imprisonment. Dkt. 1277.

On February 15, 2024, Heyward, *pro se*, moved for a reduction of his sentence pursuant to Amendment 821 of the Sentencing Guidelines. Dkt. 1310. On March 23, 2024, defense counsel moved for a reduction of Heyward's sentence to no more than 168 months' imprisonment, pursuant to Amendment 821, *see* Dkt. 1322, having been reappointed by the Court for this purpose, Dkt. 1321. On April 2, 2024, the Government filed a letter, agreeing that Heyward is eligible for, but opposing, a sentence reduction. Dkt. 1325. The Probation Department has determined that Heyward is eligible for a sentence reduction. Dkt. 1319.

All parties thus agree that Heyward is eligible for a sentence reduction under Amendment 821; that, under that Amendment, his Criminal History Category, which was III at the time of resentencing, is now II; that his offense level remains level 34; and that his Guidelines range on

1

Count Three would today be 168 to 210 months' imprisonment, rather than 188 to 235 months, the range calculated at the time of resentencing. The Court adopts the above calculations and finds Heyward eligible for a sentence reduction to no lower than 168 months' imprisonment.

The Court has reviewed the record in this case, including its detailed assessments at the times of sentencing and resentencing of the proper sentence, and counsels' recent submissions. After considered attention, the Court declines to reduce Heyward's sentence based on Amendment 821.

That is so for this reason: The calculated Guidelines range did not play a meaningful role in the Court's assessment, at the recent resentencing, of the just and reasonable sentence. At Heyward's original sentencing in 2019, the Court had been required to impose a sentence of at least 240 months' imprisonment, due to the combination of a mandatory minimum sentence of 10 years on the narcotics counts and a mandatory consecutive sentence of 10 years on the firearms count. *See* Dkt. 675 (presentence report) at 33; Dkt. 1022 ("Sent. Tr.") at 35. The Court nonetheless found a 240-month sentence consistent with the 18 U.S.C. § 3553(a) factors, considered together, given factors including Heyward's offense conduct, his criminal history, and the interests in specific deterrence and protection of the public. *See* Sent. Tr. at 37–56.

At Heyward's resentencing in March 2023, the only mandatory sentence was the 10-year mandatory minimum on the narcotics counts. In finding a 192-month sentence to reflect the § 3553(a) factors, the Court began by using the 240-month sentence as the measure of the just sentence at the time of the original sentencing, and inquired to what extent "new information and post-sentencing developments" since then shed light upon those factors. Two, the Court found, did so, and favored a lowered sentence: the adverse prison conditions Heyward had experienced

during COVID-19; and the positive and productive steps he had taken while incarcerated. Dkt. 1284 at 25–28.

The Court's assessment today remains the same as in March 2023: that Heyward's just and reasonable sentence, and the lowest one compatible with the § 3553(a) factors considered in combination, remains 192 months' imprisonment. Amendment 821 alters Heyward's Guidelines calculation solely in that it eliminates the criminal history "status points" that previously were assigned to Heyward. That aspect of the Guidelines analysis did not play any role in the Court's judgment—at either sentencing—of the just and reasonable sentence. On the contrary, as the Court stated at resentencing, the revised Guidelines range as a whole had not been influential in its determination then of the just sentence. *Id.* at 24. In any event, the 192-month sentence remains within the Guideline range as recalculated.

Nor has Heyward identified new facts since March 2023 that materially alter the Court's evaluation of the proper sentence. In March 2023, the Court fully took into account both non-Guidelines factors that Heyward cites in support of a lower sentence: prison conditions and his steps towards self-improvement. These factors have not materially changed since that time.

The Court accordingly declines to modify Heyward's sentence. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 1310 and 1322.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 5, 2024
       New York, New York